

FILED
MAR 1 2 2014
Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| EDWIN R. JONAS III and BLACKTAIL MOUNTAIN RANCH CO., LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> LINDA B. JONAS, QUENTIN M. RHOADES, CRAIG MUNGAS, SULLIVAN, TABARACCI & RHOADES, P.C., JAMES DORMER, MONTANA LIVESTOCK AUCTION, INC., and GARDNER AUCTION CO., INC., <br><br> Defendants. | CV 13–90–M–DWM <br><br><br> ORDER |

This matter comes before the Court on Findings and Recommendations of United States Magistrate Judge Jeremiah C. Lynch. (Doc. 80.) The factual background of this case is well documented in Judge Lynch's Findings and Recommendations and will not be restated here. (*Id.* at 2-8.) After considering several pending motions, Judge Lynch recommends that the case be dismissed in its entirety. (*Id.*) Plaintiff Edwin R. Jonas timely filed Objections to Judge Lynch's Findings and Recommendations. (*See* Docs. 81, 82.) Plaintiff Blacktail

Mountain Ranch Co., LLC also timely filed Objections. (*See* Docs. 83, 84.) Defendants filed a Response to both. (Doc. 85.)

Following a party's objection, the Court reviews *de novo* the portions of a United States Magistrate Judge's findings and recommendations to which objection was lodged. 28 U.S.C. § 636. When no party objects, the Court reviews the findings and recommendations of a United States Magistrate Judge for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error is present only if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). When a Court reviews a party's objection to a Magistrate Judge's ruling on a nondispositive pretrial matter, it must "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

Judge Lynch's Findings and Recommendations address the following motions and other filings: Defendants' Requests for Judicial Notice, (Docs. 16, 25, 47, 52); Plaintiff Edwin Jonas' Objection to Judicial Notice and Request for Hearing, (Doc. 53); Plaintiff Edwin Jonas' Motion to Disqualify Defense Counsel and Request for a Stay, (Docs. 35, 42); Defendant Linda Jonas' Motion to Set Aside Default, (Doc. 40); Defendants Craig Mungas, James Dormer, Montana

Livestock Auction, Inc., and Gardner Auction Co., Inc.'s ("Receiver Defendants'") Motion to Dismiss Plaintiff Blacktail Mountain Co., LLC for failure to obtain counsel, (Doc. 30.); Receiver Defendants' Motion to Dismiss based on civil immunity, (Doc. 17); Defendants' Motions to Dismiss based on *Rooker-Feldman*, the domestic relations exception to federal jurisdiction, collateral estoppel, and *res judicata*, (Docs. 19, 21, 33, 73, 75); and Plaintiff Edwin Jonas' Motion for Sanctions, (Doc. 49). Each will be considered in turn. After thorough review of Judge Lynch's report, the parties' objections and response, and the record in this case, the Court finds the pending Findings and Recommendations well-reasoned and justified; they will therefore be adopted in-full.

## I. Judicial Notice

The parties requested the Court take judicial notice of filings, judicial orders, and opinions connected to the divorce of Plaintiff Edwin Jonas and Defendant Linda Jonas. (*See* Docs. 16, 25, 47, 52.) Judge Lynch granted these requests and took judicial notice of the associated court documents to assist in his resolution of the pending motions. (*See* Doc. 80 at 2-4.) In doing so, Judge Lynch considered and denied Plaintiff Edwin Jonas' objection to judicial notice of some Montana court documents presented by the Defendants on the grounds that they contain mistakes of law or fact. (*Id.* at 3-4.) Judge Lynch found the documents

properly subject to judicial notice for the purpose of presenting the procedural history of this matter and for evaluating the documents' preclusive effect. (*Id.* at 4.)

Plaintiffs bring objections to Judge Lynch's judicial notice of these documents pursuant to Federal Rule of Civil Procedure 72(a). (Docs. 82 at 17-18; 84 at 16-17.) Plaintiffs claim the Court erred by denying their request for a hearing on their objection to judicial notice, arguing a hearing must be granted as a matter of right. (*Id.*) They also claim that Judge Lynch ignored their requests for judicial notice of New Jersey court documents. (*Id.*)

Despite Plaintiffs' claims to the contrary, Judge Lynch did not deny their request for judicial notice. (*See* Doc. 80 at 3.) Judge Lynch notes in his Findings and Recommendations that Plaintiffs requested the Court take judicial notice of the New Jersey court documents. (*Id.*) Judge Lynch further notes "Defendants do not object to Jonas's request for judicial notice or dispute the authenticity of the documents he has submitted—all of which are properly subject to judicial notice." (*Id.*) The documents were considered in Judge Lynch's resolution of Defendants' Motions to Dismiss. (*Id.* at 24.)

Plaintiffs' claim that Judge Lynch did not take judicial notice of the New Jersey court documents is a mischaracterization of the Findings and

Recommendations; an attempt to argue the merits of the Motion to Dismiss through requests for judicial notice. This line of objection is a baseless attempt to shift judicial notice of adjudicative facts which form the basis of the case to legislative facts, related to legal reasoning and the formulation of legal principles. Judicial notice of this latter category of information and the accompanying argument is inappropriate. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 560 (9th Cir. 2009) (citing *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 349 (6th Cir. 2002) ("[J]udicial notice is generally not the appropriate means to establish the legal principles governing the case.")) Pursuant to Plaintiffs' request, Judge Lynch took judicial notice of the New Jersey court documents. Plaintiffs' objection is without merit.

Judge Lynch did not err in substance or procedure in his decision to grant judicial notice of the Montana court documents over Plaintiffs' objection and request for hearing. Additionally, no federal court has held that Federal Rule of Evidence 201(e) requires a formal hearing in all circumstances. The Sixth and the Tenth Circuit, however, have held the opposite: "Federal Rule of Evidence 201(e) does not require 'under all circumstances, a formal hearing.'" *Amadasu v. The Christ Hosp.*, 514 F.3d 504, 507-08 (6th Cir. 2008) (quoting *Am. Stores Co. v. Commr. of Internal Revenue*, 170 F.3d 1267, 1271 (10th Cir.1999)). In *Amadasu,*

the Sixth Circuit held Rule 201(e) was satisfied because the plaintiff had an opportunity to be heard on the issue of judicial notice through the filing of his objections to the Magistrate Judge's report and the filing of his request for a hearing. *Id.* The circumstances here match those in *Amadasu*; Plaintiffs had an opportunity to be heard on the issue of judicial notice through the filing of objections to the Magistrate Judge's report and the filing of his request for a hearing.

Plaintiffs' objection to judicial notice of the Montana Supreme Court cases is not well-taken on its merits. Plaintiffs' sole objection to judicial notice of the Montana Supreme Court opinions is that the Montana Supreme Court decided his appeals wrongly. (*See* Docs. 24, 53.) This is not the purpose for which judicial notice was taken and does not form the basis for a valid objection to judicial notice of court documents. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) ("On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to dispute over its authenticity.") Judge Lynch's handling of the requests for judicial notice in this matter is well-considered and free of error. His refusal to grant Plaintiffs a formal hearing and his Order denying their objection to judicial notice are justified and

will not be disturbed.

## II. Motion to Disqualify Defense Counsel

Plaintiffs object to Judge Lynch's decision to deny their Motion to Disqualify Defense Counsel as clearly erroneous and contrary to law. (Docs. 82 at 8-17, 84 at 8-16.) Plaintiffs claim that Quentin Rhoades and Robert Erickson are precluded from acting as attorneys in this matter because their status as material witnesses in this case presents a conflict of interests. (*Id.*) Plaintiffs' contentions on this matter do not contradict Judge Lynch's finding that disqualification of counsel on the grounds of a conflict of interest is only appropriate if a client or former client moves for disqualification. (*See* Doc. 80 at 11.) Plaintiffs are not a client or former client of Rhoades or Erickson. Plaintiffs' objection is not responsive to the Magistrate Judge's findings and decision. Judge Lynch's findings and decision to deny Plaintiffs' Motion to Disqualify are well justified and will not be disturbed.

## III. Motion to Set Aside Default

Judge Lynch recommends that Linda Jonas' Motion to Set Aside Default be granted. (Doc. 80 at 12-17, 44.) Plaintiffs pose no specific objection to this portion of Judge Lynch's report. (*See* Docs. 81, 82, 83, 84.) Accordingly, Judge Lynch's findings and recommendations regarding this Motion are reviewed for

clear error. After such review, the Court finds no clear error. Linda Jonas met her burden to show she has meritorious defenses and setting aside entry of default would not cause prejudice to the Plaintiffs and there is no evidence that she acted culpably in her alleged failure to timely answer. Her motion will be granted.

## IV. Motion to Dismiss Plaintiff Blacktail Mountain Co., LLC for failure to obtain counsel

Judge Lynch recommends that the Receiver Defendants' Motion to Dismiss Blacktail Mountain Co., LLC for failure to obtain counsel be denied as moot. (Doc. 80 at 8-9, 44.) No party objects to this portion of Judge Lynch's report. Accordingly, Judge Lynch's findings and recommendations regarding this Motion are reviewed for clear error. After such review, the Court finds no clear error. Although Blacktail Mountain Co., LLC failed to meet the court-imposed deadline for securing counsel, it has retained counsel who has entered an appearance on their behalf. (*See* Doc. 77.) This renders the basis for the Receiver Defendants' Motion moot. It will be denied as such.

## V. Motion to Dismiss based on civil immunity

Judge Lynch recommends that the Receiver Defendants Motion to Dismiss based on civil immunity be granted. (Doc. 80 at 18-22, 45.) Plaintiffs object, arguing that immunity does not attach because the Receiver Defendants lacked

-8-

personal and subject matter jurisdiction. (Docs. 81 at 2-4, 9-30; 83 at 2-4, 9-29.)

Plaintiffs objections are without legal merit. Plaintiffs attempt to analogize the circumstances of this case to the exception to judicial immunity that allows claims to proceed against a judge, or agents appointed by the judge, where the judge acts in the complete absence of jurisdiction. This Court has already ruled that Judge McNeil has judicial immunity for enforcement of the New Jersey judgments in Montana. *See* Order, *Edwin Jonas v. Ronald Waterman, et. al*, Cause No. CV 13–16–M–DLC–JCL (D. Mont. June 12, 2013). Jonas does not advance any arguments that warrant revisiting Judge Christensen's finding of judicial immunity. The Receiver Defendants—Craig Mungas, James Dormer, Montana Livestock Auction, Inc., and Gardner Auction Co., Inc.—will be dismissed as immune from suit.

It is noted, however, that Plaintiffs' argument that the Receiver Defendants do not have judicial immunity because they lacked personal jurisdiction over Blacktail Mountain is a legal contention not warranted by existing law, nor is it a non-frivolous argument for extending, modifying, or reversing exiting law, or for establishing new law. Plaintiffs argue in their Objections that "Immunity only attaches if [the Receiver Defendants] had both in personam and subject matter jurisdiction." (Docs. 81 at 20; 83 at 20.) This is contrary to established Ninth

Circuit law. *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1302 (9th Cir. 1989) ("a judge is entitled to immunity even if there was no personal jurisdiction over the complaining party.") Plaintiffs make a futile attempt to distinguish this case from *New Alaska*, (Docs. 81 at 26; 83 at 26), but the Ninth Circuit's observations in that case are apposite to the case at bar. "Divorce cases often engender bitterness between the litigants. Judicial immunity for cases coming within the trial judge's general subject matter jurisdiction prevents disappointed parties from targeting the judge for retribution." *Id.* This Court has already ruled Judge McNeil had subject matter jurisdiction and is entitled to judicial immunity. It is incontrovertible that such immunity extends to the appointed receiver, as well as the receiver's agents. *See New Alaska Dev. Corp.*, 869 F.2d at 1302-03.

## VI. Motions to Dismiss on other grounds

The Receiver Defendants move to dismiss all of Plaintiffs' claims based on the *Rooker-Feldman* doctrine, the domestic relations exception to federal jurisdiction, and the doctrines of *res judicata* and collateral estoppel. (Doc. 19.) All other Defendants reassert and join in the Receiver Defendants' Motion. (*See* Docs. 21, 33, 73, 75.) After dismissing claims against the Receiver Defendants based on judicial immunity, Judge Lynch found dismissal of the remaining Defendants warranted based on *Rooker-Feldman*, *res judicata*, and

collateral estoppel and Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 80 at 23-43.) Having reached that conclusion, Judge Lynch found consideration of the domestic relations exception argument unnecessary. (*Id.* at 43 n.8.) Judge Lynch recommends claims against the remaining Defendants—Linda Jonas, Quentin M. Rhoades, Robert Erickson, Steve Stelling, and Sullivan, Tabaracci, & Rhoades, P.C.—accordingly be dismissed. (*Id.* at 44-45.) Plaintiffs object, challenging Judge Lynch's finding that the New Jersey documents that form the basis of the Motions to Dismiss are final judgments and his application of *Rooker-Feldman, res judicata*, and collateral estoppel. (Docs. 81 at 30-45, 83 at 30-45, 86 at 2-3.) After *de novo* review of the record and consideration of Plaintiffs' Objections, the Court finds no error in Judge Lynch's Findings and Recommendations and they will be adopted in-full.

A. **Finality of New Jersey judgments**

Plaintiffs true concern, as telegraphed in their claims regarding judicial notice, *see supra* part I, is Judge Lynch's finding that the New Jersey court documents are final judgments. This decision forms the basis for Judge Lynch's recommendation that the complaint be dismissed pursuant to Rules 12(b)(1) and 12(b)(6). Plaintiffs repeatedly argue that the New Jersey judgments are not final because they are default judgments entered without prejudice. (*See, e.g.*, Docs. 81

at 32, Doc. 83 at 31-32.) In support of this argument, Plaintiffs submit transcripts from the New Jersey trial court, two New Jersey appellate opinions, as well as a decision issued by the Disciplinary Review Board of the New Jersey Supreme Court suspending Edwin Jonas' license to practice law. (Docs. 25-1, 25-2, 25-3, and 47-1.) Those documents show only that Linda Jonas obtained post-judgment orders holding Jonas liable for unpaid child support, alimony, attorneys fees and related expenses. They show Edwin Jonas' motions for relief from those orders were dismissed without prejudice based on the fugitive disentitlement doctrine. They do not demonstrate the New Jersey judgments are not final, only that Edwin Jonas is still able to contest the post-judgment orders, should he become willing to comply with court orders to appear personally and post a bond. For all intents and purposes, they are final judgments. Edwin Jonas himself has admitted this. In bankruptcy proceedings in this Court before Judge Kirscher, Edwin Jonas sought a stay to appeal the New Jersey judgments. Edwin Jonas eventually filed a status report stating, "All appellate avenues in New Jersey have been exhausted and no further appeals are possible." *In re Jonas*, 2012 WL 2921016 (Bankr. D. Mont. 2012); *see Jonas v. Jonas*, 40 A.3d 733 (N.J. 2012).

Edwin Jonas is apparently still welcome to challenge the New Jersey judgments, should he become willing to comply with orders issued by the New

Jersey Superior Court in the original divorce proceedings, specifically that he post a bond and personally appear. *See Jonas v. Jonas*, 2008 WL 239069 (N.J. Super. App. Div. 2008) ("upon Edwin Jonas' posting such bond to cover the judgments obtained by Linda Jonas and committing himself to appear personally in New Jersey as soon as possible, at a time mutually agreed upon between the parties and the courts, the warrants for his arrest may be vacated and further plenary hearing held."); *see also Jonas v. Jonas*, 2011 WL 6820244 (N.J. Super. App. Div. 2011) (noting that Jonas is still able to have his claims heard regarding the judgments already being satisfied if he complies with the court's previous order). Plaintiffs' objections that the judgments are not final are without merit. Judge Lynch appropriately found the New Jersey judgments final.

### B. Application of *Rooker-Feldman*, *res judicata*, and collateral estoppel

Plaintiffs argue that their claims of fraud, legal malpractice, conversion, and claims brought under 42 U.S.C. § 1983 are not attempts to relitigate issues already decided in the Montana and New Jersey courts. (Docs. 81 at 33-45, 83 at 33-45.) However, Plaintiffs' objections to Judge Lynch's findings regarding *res judicata*, collateral estoppel, and the *Rooker-Feldman* doctrine all reiterate previous objections to the finding that the New Jersey judgments are final, the judicial

-13-

notice of the Montana Supreme Court decisions, and alleged failure to take notice of the New Jersey court documents. As discussed above, those objections lack merit.

Plaintiffs' claims against the remaining Defendants are premised in part on the notion that Linda misled or induced the New Jersey trial judge to enter the 2006 judgments and misappropriated funds from the constructive trust set up by the New Jersey trial court. (Doc. 9, ¶¶ 56–67.) Plaintiffs' attack on the validity of the New Jersey judgments is a "de facto appeal" of a state court judgment which is prohibited by the *Rooker-Feldman* doctrine. *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003). To the extent Plaintiffs claim that Linda misappropriated funds from the constructive trust, Plaintiffs ask this Court to resolve an issue already brought to the attention of the New Jersey trial court. That court refused to address Edwin Jonas' allegations based on the fugitive disentitlement doctrine. Plaintiffs' claims of misappropriation are accordingly, "inextricably intertwined" with issues resolved by the state court decision and this Court is without jurisdiction to resolve these claims under the *Rooker-Feldman* doctrine. *Id.* at 1158. Plaintiffs' challenges to the decision of the Montana Supreme Court in *Jonas v. Jonas*, (*see* Docs. 81 at 38-42, 83 at 38-41), are also barred by *Rooker-Feldman* as a de facto appeal of a judgment of the state's highest court.

The remainder of Plaintiffs' claims against the remaining Defendants are premised on alleged improprieties in obtaining a charging order and appointment of a receiver in the domestication proceedings in the Montana state courts. As the Montana Supreme Court noted, however, Edwin Jonas waived multiple opportunities to challenge the charging order and appointment of a receiver. *Jonas v. Jonas*, 308 P.3d 33, 36-37 (Mont. 2013). Hence, those decisions became the law of the case. *Id.* Federal courts apply the collateral estoppel rules of the state from which the judgment arose in determining the effect of a state court judgment. *Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1520 (9th Cir. 1987). Under Montana law, collateral estoppel applies "when the issues are so intertwined that to decide the issue before it, the Court would have to rehear the precise issue previously decided." *Baltrusch v. Baltrusch*, 130 P.3d 1267, 1277 (Mont. 2006) (citation omitted). Plaintiffs' claims against Linda's attorneys would require rehearing the issues Edwin Jonas brought before the Montana state courts in the domestication proceedings and his three appeals from those proceedings. The remaining prongs of collateral estoppel analysis are similarly met. The Montana state court decisions are final, Jonas was a party to the state court litigation, and Jonas has not shown he was somehow deprived of the ability to fully and fairly litigate. *McDaniel v. State of Montana*, 208 P.3d 817 (Mont.

2009). Thus, Plaintiffs' claims against Linda's attorneys are barred by collateral estoppel.

Plaintiffs' claims are also barred by *res judicata*. In Montana, *res judicata* bars "claims that were or *could have been* litigated in the first action." *Brilz v. Metro. Gen. Ins. Co.*, 285 P.3d 494, 500 (Mont. 2012) (citation omitted) (emphasis in original). Similarly, in New Jersey, *res judicata* "applies not only to matters actually determined in an earlier action, but to all relevant matters that could have been so determined." *McNeil v. Legis. Apportionment Commn. of State*, 828 A.2d 840, 859 (N.J. 2003) (citation omitted). All of Plaintiffs' claims could have been addressed in either the Montana courts, or in the New Jersey courts. Therefore, they are barred by *res judicata*.

The allegations in Plaintiffs' Complaint against the remaining Defendants—Linda Jonas, Quentin M. Rhoades, Robert Erickson, Steve Stelling, and Sullivan, Tabaracci, & Rhoades, P.C.—are barred. Plaintiffs admit that the finality of the New Jersey judgments is the "keystone" of Judge Lynch's findings and recommendations on the remaining Defendants' Motions to Dismiss. (Docs. 81 at 38, 83 at 37.) Following a sound finding that those judgments are indeed final, Judge Lynch thoroughly analyzed the preclusive effect of Montana collateral estoppel and *res judicata* doctrines and *Rooker-Feldman*. Dismissal is appropriate

and will be ordered.

## VII. Sanctions

Judge Lynch considered and denied the Plaintiffs' Motion for Sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. (Doc. 80 at 43-45.) Plaintiffs object to Judge Lynch's decision to deny their Motion, arguing sanctions against Defendant Rhoades are appropriate because of his representation that the New Jersey judgments are not final. (Docs. 82 at 18-21, 84 at 17-20.) As discussed *supra*, such a representation is justified. Plaintiffs' Motions are not well-taken and were properly rejected by Judge Lynch.

Sanctions may be appropriate against Plaintiffs, however. In the context of the history of litigation between Edwin Jonas and Linda Jonas, it appears Plaintiffs' Complaint before this Court is not warranted by existing law and cannot reasonably be calculated to achieve anything other than harassment, delay, and costly ligation. At least two of Plaintiffs' objections similarly are not warranted by existing law and appear to serve no purpose other than to harass, cause unnecessary delay, or needlessly increase the cost of litigation. Rule 11(c)(3) states, "On its own, the court may order . . . [a] party to show cause why conduct specifically described in the order has not violated Rule 11(b). The Court will therefore order Plaintiffs to show cause why his Complaint and Objections do not

-17-

violate Rule 11(b). Specifically, Plaintiffs must account for their filing of a Complaint that seeks to relitigate issues and claims already decided before state courts in Montana and New Jersey. Plaintiffs must also show cause for their Objections misstatement of the law regarding judicial immunity and representation that the predicate judgments of the New Jersey courts are not final judgments. This order to show cause is not an invitation to reargue these matters on the merits. Rather, Plaintiffs must demonstrate compliance with Rule 11 by showing the Complaint and Objections were not filed for an improper purpose or frivolous.

## VIII. Conclusion

Based on the foregoing, the following is hereby ORDERED:

(1) Judge Lynch's Findings and Recommendations, (Doc. 80), are ADOPTED IN-FULL. Plaintiffs' Rule 72(b) Objections to Judge Lynch's Findings and Recommendations, (Docs. 81 and 83), are DENIED.

(2) Plaintiffs' Rule 72(a) Objections to Judge Lynch's Orders denying their Motion to Disqualify Counsel, Request for Judicial Notice and for Hearing, and Motion for Rule 11 Sanctions, (Docs. 82 and 84), are DENIED.

(3) The Receiver Defendants' Renewed Motion to Dismiss Blacktail

Mountain Ranch, LLC based on its failure to secure legal counsel, (Doc. 30), is DENIED AS MOOT.

(4) Defendant Linda Jonas' Motion to Set Aside the Entry of Default, (Doc. 40), is GRANTED.

(5) The Motion to Dismiss based on civil immunity brought by Defendants Craig Mungas, James Dormer, Montana Livestock Auction, Inc., and Gardner Auction Co., Inc., (Doc. 17), is GRANTED.

(6) Motions to Dismiss based on *Rooker-Feldman*, collateral estoppel, and *res judicata* brought by Defendants Linda Jonas, Quentin M. Rhoades, Robert Erickson, Steve Stelling, and Sullivan, Tabaracci, & Rhoades, P.C., (Docs. 21, 33, 73, 75), are GRANTED.

(7) The Motion to Dismiss based on *Rooker-Feldman*, collateral estoppel, and *res judicata* brought by Defendants Craig Mungas, James Dormer, Montana Livestock Auction, Inc., and Gardner Auction Co., Inc., (Doc. 19), is DENIED AS MOOT.

(8) The Plaintiffs shall, within 14 days of the date of this Order, each file a brief of no more than 10 pages to show cause why the filing of the Complaint and Objections do not violate Federal Rule of Civil

Procedure 11(b).

DATED this 12th day of March, 2014.

_____
Donald W. Molloy, District Judge
United States District Court