IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED

AUG 07 2014

Clerk, U.S District Court
District Of Montana
Missoula

EDWIN R. JONAS, III and
BLACKTAIL MOUNTAIN RANCH
CO., LLC,

    Plaintiffs,

vs.

LINDA B. JONAS, QUENTIN M.
RHOADES, CRAIG MUNGAS,
SULLIVAN, TABARACCI &
RHOADES, P.C., JAMES DORMER,
MONTANA LIVESTOCK
AUCTION, INC., and GARDNER
AUCTION CO., INC.,

    Defendants.

CV 13–90–M–DWM–JCL

OPINION AND ORDER

I.    **Status**

This matter comes before the Court on the Plaintiffs' response to the Court's Order to Show Cause issued in conjunction with its ruling on Motions to Dismiss then pending. Plaintiffs were ordered to show cause to avoid sanctions pursuant to Rule 11(b). Specifically, Plaintiffs were directed to account for their filing of the Complaint in this matter, which the Court found sought to re-litigate issues and claims already decided by the courts of Montana and New Jersey. (Doc. 96 at 18.)

Plaintiffs were further ordered to show cause for their misstatement of the law regarding judicial immunity and finality of judgments. (*Id.*)

Plaintiffs responded to the Order with two virtually identical pleadings, neither of which addressed the specific conduct cited by the Court as potential grounds for sanctions. (*See* Docs. 98 and 99.) In each pleading, the Plaintiffs separately allege that the Court failed to specifically describe the conduct that is contended to violate Rule 11. (Doc. 98 at 2, Doc. 99 at 2.) These allegations are without merit. The Court's Order specifically detailed conduct violative of the Rule and directed the Plaintiffs to address that conduct. (*See* Doc. 96 at 18.) The Court clearly identified the proscribed conduct both at the conclusion of the Order and in its analysis of the issues. For example, in discussing the law of judicial immunity when analyzing the then-pending Motion to Dismiss, the Court observed that "Plaintiffs' argument that the Receiver Defendants do not have judicial immunity because they lacked personal jurisdiction over Blacktail Mountain is a legal contention not warranted by existing law, nor it is a non-frivolous argument for extending, modifying, or reversing existing law, or establishing new law." (*Id.* at 9.) The Court's observation that the Plaintiffs' conduct in this action likely violated Rule 11 was presented in detail in the Order to Show Cause.

Other portions of the Plaintiffs' responses to the Order to Show Cause seek to re-litigate issues already decided by this Court, (*see* Doc. 98 at 4-7, Doc. 99 at 4-8), or take issue with the decision on the merits of the action that accompanied the Order to Show Cause, (*see* Doc. 98 at 7-9, Doc. 99 at 8-10). These portions of Plaintiffs' responses are do not rejoin the Court's observation that Rule 11 sanctions may be warranted in this matter.

The only portion of Plaintiffs' responses germane to the Rule 11 issue is their assertion that the Complaint and Objections were not filed in bad faith. (*See* Doc. 98 at 3, Doc. 99 at 3.) That contention is undermined by the Plaintiffs' filings in this action and history of related litigation. At least two of Jonas's filings in this case are sanctionable. Jonas' Complaint is sanctionable under Federal Rule of Civil Procedure 11(c) for violating Rules 11(b)(1) & (2). His Objections to Judge Lynch's Findings and Recommendations are also sanctionable for violating Rules 11(b)(1) & (2). Placing this case in the context of the history of litigation between Edwin Jonas ("Jonas") and Linda Jonas ("Linda") shows that the Complaint in this matter is not warranted by existing law and cannot reasonably be calculated to achieve anything other than harassment, unnecessary delay, or needless costly ligation. At least two of Plaintiffs' Objections similarly are not warranted by existing law and do not appear to serve any purpose other

than to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

## II. Standard

"Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Engineers Pension Trust v. A–C Co.*, 859 F.2d 1336, 1345 (9th Cir.1988). Sanctions are reserved "for the rare and exceptional case where the action is clearly frivolous . . . ." *Id.* at 1344. Rule 11 sanctions may appropriately be imposed on the signer of a court filing if it "is filed for an improper purpose, or . . . frivolous." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir.1990) (*en banc*). The Ninth Circuit set out the standard for Rule 11 sanctions in *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005): When, as here, a "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." As shorthand for this test, the Court of Appeals employs the word "frivolous" "to denote a filing that is both baseless and made without a reasonable and competent inquiry." *Id.*

If a party pleads a claim that is clearly barred by *res judicata*, that may be

grounds for sanctions under Rule 11. *See e.g. Buster v. Greisen*, 104 F.3d 1186 (9th Cir. 1997), *rev'd in part on other grounds*, *Fossen v. Blue Cross and Blue Shield of Mont., Inc.*, 660 F.3d 1102 (9th Cir. 2011). In *Buster*, the Ninth Circuit affirmed a district court's decision to impose sanctions on account of a claim that was clearly barred by *res judicata*:

> 'Frivolous' filings are those that are 'both baseless and made without a reasonable and competent inquiry.' *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir.1990) (*en banc*). The district court concluded that this suit was barred by the *res judicata* and collateral estoppel effects of the prior judgment. These findings are supported by the record, and a reasonable and competent inquiry would have led to the same conclusion. This action involves the same parties and the same 'transactional nucleus of fact' as the prior suit and it seeks to relitigate issues that were conclusively resolved in the prior suit. *See In re Grantham Brothers*, 922 F.2d 1438, 1442 (9th Cir.1991) (collateral attack with no basis in law or fact is frivolous under Rule 11), *cert. denied*, 502 U.S. 826, 112 S.Ct. 94, 116 L.Ed.2d 66 (1991); *Roberts v. Chevron*, 117 F.R.D. 581 (M.D.La.1987) (bringing state court action attacking prior federal judgment and failing to dismiss after removal justified Rule 11 sanctions; reasonable inquiry would have shown that res judicata barred action), *aff'd*, 857 F.2d 1471 (5th Cir.1988). The district court did not abuse its discretion in concluding that Buster's claim was frivolous.

*Id.* at 1190.

### III. Background

"Divorce cases often engender bitterness between the litigants." *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1302 (9th Cir. 1989). There is

no better way to explain the instant case. The record in front of the Court, supplemented by the opinions of several other courts, shows extensive, vexatious attempts by the Plaintiff, Edwin R. Jonas III, to avoid and forestall execution of final orders of the New Jersey Superior Court in divorce proceedings between himself and his ex-wife. Jonas' conduct in the original divorce proceedings was characterized as an "obstinate refusal to comply or properly respond to court orders." *Jonas v. Jonas*, 2008 WL 239069 at *2 (N.J. Super. App. Div. 2008) (*per curiam*). Jonas is apparently still welcome to challenge the New Jersey judgments, so long as he complies with orders issued by the New Jersey Superior Court in his original divorce proceedings, specifically the requirement that he post a bond and personally appear. *See id.* ("[U]pon Edwin Jonas' posting such bond to cover the judgments obtained by Linda Jonas and committing himself to appear personally in New Jersey as soon as possible, at a time mutually agreed upon between the parties and the courts, the warrants for his arrest may be vacated and further plenary hearing held."); *see also Jonas v. Jonas*, 2011 WL 6820244 at *1 (N.J. Super. App. Div. 2011) (noting that Jonas may still have his claims regarding the satisfaction of judgments heard if he complies with the court's previous order). To date, it appears Jonas has refused to pursue these avenues for relief.

Instead, Jonas has sought to litigate the issue in other jurisdictions. This

results in no more than harassment and delay of his former wife's attempts to collect on the judgments. Jonas' strategy has ensnared the state courts of New Jersey, Florida, and Montana—as well as this Court and the United States Bankruptcy Court for the District of Montana—in a tangled web of jurisdictional and procedural questions.

Jonas' efforts have, in every case, been unsuccessful, and in a few cases proven costly. Jonas lost his license to practice law in New Jersey because of his misconduct in the divorce proceedings. (*See* Doc. 47-1); *see also In re Jonas*, 889 A.2d 1055 (N.J. 2006) (suspending Jonas from the practice of law in New Jersey for conduct prejudicial to the administration of justice). He was also summarily suspended from the practice of law in Florida. *The Florida Bar v. Jonas*, 979 So. 2d 220 (Fla. 2007). In litigation initiated since those sanctions, Jonas has incurred further penalties for his poorly-considered litigation strategies. Jonas attempted to pursue claims against his ex-wife and others in proceedings in the United States Bankruptcy Court for the District of Montana. He again failed to follow a court order and Judge Kirscher held Jonas in contempt. *In re Jonas*, 2010 WL 3719946 at *2 (Bankr. D. Mont. 2010). The Montana Supreme Court sanctioned Jonas for filing a frivolous appeal, following warnings from a Montana District Court that further vexatious litigation would result in sanctions. *Jonas v. Jonas*, 308 P.3d 33,

37-38 (Mont. 2013), *reh'g denied* (Sept. 11, 2013). Other courts appear to have simply lost patience with Jonas and deny his petitions in summary fashion. *See, e.g., Jonas v. Gold*, 58 So. 3d 396 (Fla. 4th Dist. App. 2011); *Jonas v. Fid. Nat. Title Ins. Co. of Pennsylvania*, 44 So. 3d 596 (Fla. 4th Dist. App. 2010); *Jonas v. Jonas*, 773 So. 2d 1163 (Fla. 4th Dist. App. 2000); *Jonas v. Jonas*, 40 A.3d 733 (N.J. 2012); *Jonas v. Jonas*, 950 A.2d 905 (N.J. 2008); *Jonas v. Jonas*, 758 A.2d 649 (N.J. 2000); *see also Jonas v. Jonas*, 2011 WL 6820244 at *2 (N.J. Super. App. Div. 2011) ("Given the posture of the case, defendant's claims of error lack sufficient merit to warrant discussion in a written opinion.")

Jonas then pursued his ill-advised strategy of serial litigation before this court by suing everyone associated with his wife's attempts to collect on the New Jersey judgments. In this matter, he sought to sue his ex-wife, her attorneys, and the receivers appointed by a Montana District Court to oversee liquidation of his interest in a company, as well as the auctioneers who helped liquidate the company's assets. Prior to considering the sanctions now in issue, the Court granted Motions to Dismiss the action on its merits. (Doc. 96.) In another case recently brought before this Court, Jonas' suit against Montana District Court Judge Robert B. McNeil (the judge who presided over the domestication of the New Jersey judgments in Montana), Ronald Waterman (the attorney who

represented Jonas in front of the Montana state courts), and Waterman's law firm was dismissed on summary judgment. *See Jonas v. Waterman*, 2013 WL 6231619 (D. Mont. 2013) (Christensen, C.J.)

## IV. Analysis

The Court of Appeals' analysis of sanctions for pursuing a complaint clearly barred by *res judicata* in *Buster* is apposite to the Plaintiff's claims in this action. Here, as in *Buster*, the district court has concluded that the preclusive effect of the prior judgments against the Plaintiff in the courts of Montana and New Jersey bars claims brought in the Complaint. (*See generally* Doc. 96.) Also, as was the case in *Buster*, Jonas' claims involve the same parties and the same "transactional nucleus of fact" as prior suits. The judgment of unpaid support obligations that Jonas has continuously sought to collaterally attack by bringing claims against his former spouse and her attorneys and his claim that Linda Jonas obtained those judgments fraudulently comprise the transactional nucleus of fact shared among this action and the prior judgments. This action seeks to re-litigate issues that were conclusively resolved in the prior suits. The circumstances are aggravated by the tiresome history of Jonas' attempts to re-litigate his divorce proceedings and his pursuit of an identical lawsuit against Linda and her attorney in Florida.

Jonas is well aware by this point that suing his ex-wife and her attorney on

the claim that she fraudulently obtained the New Jersey Judgments will not succeed. According to an appellate brief Jonas filed in the District Court of Appeal of Florida, the claim against Linda in this case is almost an exact duplicate of a claim Jonas brought against her in Florida. *See Appellant's Brief, Jonas v. Gold*, 2010 WL 2006313 at *2-4 (Fla. 4th Dist. App. 2010). Some time prior to 2002, Linda domesticated a New Jersey judgment for unpaid child support and alimony obligations in Florida. In 2002, Jonas sued Linda in a Florida state court, claiming she committed fraud in obtaining the New Jersey judgment. He later amended his complaint to include Linda's attorney, Nancy Gold. The Florida District Court eventually dismissed Jonas' complaint based on the fugitive disentitlement doctrine. *Id.* Jonas appealed, and the appellate court affirmed without discussion. *Jonas v. Gold*, 58 So. 3d 396 (Fla. 4th Dist. App. 2011).

The only explanation for Jonas' continued pursuit of this litigation strategy is harassment, delay, or needlessly increasing the cost of litigation. "A district court confronted with solid evidence of a pleading's frivolousness may in circumstances that warrant it infer that it was filed for an improper purpose . . . . This is permissible because the test for improper purpose is objective." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1365 (9th Cir. 1990) (citing *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 829 (9th Cir.1986)). Every court in which

Jonas has sought to prove Linda fraudulently obtained judgments against him has referred him back to the New Jersey Superior Court, where a plenary hearing is apparently still available to him, so long as he complies with the court's orders to post a bond and appear personally. His continued refusal to pursue the merits of his claims in the only appropriate venue reveal that this attempt to collaterally attack the New Jersey judgments is nothing more than a frivolous action intended to harass his former wife and delay her attempts to collect on the judgments against Jonas.

In addition to the allegations set forth in the Complaint, the content of Jonas' Objections to Judge Lynch's proposed Findings and Recommendations are also sanctionable. Federal Rule of Civil Procedure 11(b) states that legal contentions in any paper submitted to the Court must be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Jonas made at least two arguments in his Objections to Judge Lynch's proposed Findings and Recommendations that violated Federal Rule of Civil Procedure 11(b). First, Jonas repeatedly and strenuously argued that Judge McNeil is not entitled to judicial immunity—and by extension, the Receiver Defendants are not entitled to judicial immunity—because Judge McNeil did not have personal jurisdiction over Blacktail Mountain.

-11-

As stated in the Order adopting Judge Lynch's Findings and Recommendations, this contention is contrary to established law. It is difficult to believe that Jonas did not know this argument was invalid. In Jonas' Objections, he cited *New Alaska Development Corporation*, which held that "a judge is entitled to immunity even if there was no personal jurisdiction over the complaining party." *New Alaska Dev. Corp.*, 869 F.2d at 1302. In the same paragraph, however, Jonas claimed, "[a]s there was also no *in personam* jurisdiction over BMR, all of Judge McNeil's and his judicial appointee's acts were in the 'clear absence of all jurisdiction' and as such they all were deprived of any absolute judicial immunity." (Doc. 81 at 27.) Additionally, Jonas presented *Rankin v. Howard*, 633 F.2d 844 (9th Cir. 1980), as authority for his Objections. (Doc. 81 at 11-12.) *Rankin* is no longer good law. In *New Alaska*, the Ninth Circuit clearly stated that *Rankin* was overruled by *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986). *New Alaska Dev. Corp.*, 869 F.2d at 1302.

A lawyer's failure to cite relevant authority, whether it be case law or statutory provisions, does not alone justify the imposition of sanctions. "[N]either Rule 11 nor any other rule imposes a requirement that the lawyer, in addition to advocating the cause of his client, step first into the shoes of opposing counsel to find all potentially contrary authority, and finally into the robes of the judge to

decide whether the authority is indeed contrary or whether it is distinguishable." *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1542 (9th Cir.1986). However, if omitted case law and statutory provisions render an attorney's argument frivolous, he or she "should not be able to proceed with impunity in real or feigned ignorance . . . ." *Id.* Although he has lost his license to practice law in at least two states, Jonas remains trained as a lawyer. It is difficult to imagine he inadvertently misread *New Alaska* or failed to notice that the Court of Appeals' holding in *Rankin* was overruled. Jonas lost his license to practice law in New Jersey for intentional conduct prejudicial to the administration of justice, not for incompetence. (*See* Doc. 47-1); *In re Jonas*, 889 A.2d 1055. Jonas' argument that Judge McNeil is not entitled to judicial immunity was not warranted by existing law, nor was it a nonfrivolous argument for modifying or reversing existing law.

The second argument in Jonas' Objections that violated Rule 11(b) was his repeated claim that the New Jersey judgments are not final judgments. That argument did not convince the state courts in Florida or Montana, nor did it convince the United States Bankruptcy Court. Despite his repeated efforts to appeal the New Jersey judgments, they still stand. As his status report to the Bankruptcy Court noted, "[a]ll appellate avenues in New Jersey have been

exhausted and no further appeals are possible." *In re Jonas*, 2012 WL 2921016 (Bankr. D. Mont. 2012). Jonas' argument that the judgments are not final because the New Jersey courts remain willing to grant him a plenary hearing if he complies with court orders requiring him to personally appear and post a bond is specious. The availability of an avenue to contest a judgement does not affect the finality of a judgment. Jonas' claim that the New Jersey judgments are not final was both a factual contention with no evidentiary support and a legal argument not warranted by existing law.

In light of all the circumstances forming the background of this case, it is appropriate to infer Jonas filed his Objections for an improper purpose. "A district court confronted with solid evidence of a pleading's frivolousness may in circumstances that warrant it infer that it was filed for an improper purpose . . . . This is permissible because the test for improper purpose is objective." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1365 (9th Cir. 1990) (*en banc*) (citing *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 829 (9th Cir.1986)). When legal arguments are objectively baseless, "[e]ven the most cursory legal inquiry would have revealed [the deficiency]." *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir.2005). In such situations, "Rule 11 sanctions shall be assessed if the paper filed in district court and signed by an attorney or an unrepresented party is

frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith." *Zaldivar*, 780 F.2d at 831.

The history of Jonas' litigation against Linda and others associated with her attempts to collect on judgments from their divorce proceedings invite the inference that Jonas filed his Objections for the same reason he filed his Complaint in this case: to "harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. Rule 11(b)(1). Jonas' misstatements of the law regarding judicial immunity and misrepresentation as to the finality of the New Jersey judgments were frivolous and filed for an improper purpose. They are accordingly sanctionable conduct. *See Townsend*, 929 F.2d at 1362 ("Rule 11 sanctions may appropriately be imposed on the signer of a court filing if it 'is filed for an improper purpose, or ... is frivolous.'") (internal brackets omitted).

## V.  Plaintiff's Motion to Strike

Jonas moves to strike the declaration of the court-appointed Receiver for Blacktail Mountain Ranch, Craig Mungas, filed subsequent to his response to the Court's Order to Show Cause. (Doc. 101.) Mungas' Declaration was filed shortly after Jonas filed his response to the Order to Show Cause. (*See* Doc. 100-1.) The Declaration presents the receiver's recitation of facts and his contention that "Edwin has continuously used litigation and the threat of litigation to harass me,

and the various agents and parties I have hired to assist in carrying out my court ordered duties." (*Id.* at 4.) The Declaration also includes a letter dispatched by the Plaintiff threatening a Missoula realtor with litigation. (*Id.* at 5.)

Mungas' Declaration was not invited by the Court's Order to Show cause and is not necessary to resolve the sanctions question now in issue. It is not an authorized pleading in this matter and the Court will not consider it. The Court will therefore, acting *sua sponte*, order the Declaration stricken. Jonas' Motion to Strike presents a wholly irrelevant rationale for striking the Declaration. The Motion will be denied as moot.

## VI. Conclusion

Plaintiff Edwin R. Jonas III pursued this action for improper purpose. The filing of his Complaint and Objections in this matter are akin to acts in contempt of court. *See United Nat. Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1116 (9th Cir. 2001). Sanctions are warranted because of Jonas' misrepresentation of the facts and law in his Objections and his overarching attempt to re-litigate issues resolved in numerous earlier cases. *Buster*, 104 F.3d at 1189-90. The sanction imposed "must be limited to what suffices to deter repetition of the conduct . . . ." Fed. R Civ. P. 11(c)(4). Sanction in the form of a formal admonishment is warranted and is sufficient to deter repetition of the conduct cited.

In March of this year, shortly after disposition of this matter on the merits, the Board of Overseers of the Bar for the State of Maine reported findings and recommendations on Edwin R. Jonas III's petition for reinstatement as a member of the bar.[1]  The report notes that "[a]ccording to [Jonas'] testimony, most of the difficulties and wasted efforts in the Montana litigation were the fault of his local attorney, who repeatedly missed deadlines and filing requirements. [Jonas] is still pursuing a libel suit at the trial level in Montana, as well as a legal malpractice suit." Maine Board of Overseers at 2-3.  This testimony is an incomplete report of the litigation before this Court, as it either fails to mention or grossly mischaracterizes this action and the Court's decision.  The Board of Overseers concluded that "Ed Jonas' litigation in every jurisdiction has had at least a plausible explanation and legitimate objective." *Id.* at 3.  Jonas' pursuit of this action flatly contradicts that finding.

Referral to disciplinary authorities is an appropriate sanction for violation of Rule 11 identified *sua sponte*. Fed. R. Civ. P. 11(c) advisory comm. nn. (1993). To ensure that authorities evaluating Jonas' efforts to regain admission to the

---

[1] Report of Findings and Recommendations to the Board of Bar Overseers, *In the Matter of Edwin R. Jonas, III*, State of Maine Board of Overseers of the Bar Grievance Commission Panel B (March 24, 2014).  Hereinafter "Maine Board of Overseers." Available online at: http://www.maine.gov/tools/whatsnew/attach.php?id=617085&an=1.

practice of law are fully apprised of his activities before this Court, the Clerk of Court will be ordered to distribute a copy of this Opinion and Order to disciplinary counsel for the state bars of Maine, New Jersey, and Pennsylvania.

IT IS ORDERED that the Declaration of Defendant Craig Mungas, (Docs. 100 and 100-1), is hereby STRICKEN.

IT IS FURTHER ORDERED that Plaintiff Edwin R. Jonas III's Motion to Strike, (Doc. 101), is DENIED AS MOOT.

IT IS FURTHER ORDERED that Plaintiff Edwin R. Jonas III is HEREBY ADMONISHED for the filing of the Complaint, (Doc. 1), and Objections, (Doc. 81), in the above-captioned matter.

IT IS FURTHER ORDERED that the Clerk of Court shall distribute a copy of this Opinion and Order to the following authorities:

| Board of Overseers of the Bar<br>97 Winthrop Street<br>Augusta, Maine 04332-0527 | Disciplinary Review Board<br>P.O. Box 962<br>Trenton, New Jersey 08625 | Disciplinary Board of the<br>Supreme Court of<br>Pennsylvania<br>P.O. Box 62625<br>Harrisburg, PA 17106-2625 |
|---|---|---|

DATED this 7th day of August, 2014.

_____
Donald W. Molloy, District Judge
United States District Court